# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA S. REYNOLDS, | No. 2:16-CV-0605-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 16) and defendant's cross-motion for summary judgment (Doc. 17).

/ / /

/ / /

/ / /

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on October 11, 2011. In the application, plaintiff claims that disability began on April 2, 2010. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on February 4, 2014, before Administrative Law Judge ("ALJ") Sharon L. Madsen. In a April 18, 2014, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): cervical spondylosis and asthma;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 to 8 hours in an 8-hour workday, and sit for 6 to 8 hours in an 8-hour workday; she can occasionally climb, crawl, and reach overhead; she can frequently balance, stoop, kneel, and crouch, she cannot climb ladders, ropes, or scaffolds; she must avoid concentrated exposure to dusts, gases, and fumes; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant is capable of performing past relevant work as a hotel clerk, reservation clerk, and medical records clerk.

After the Appeals Council declined review on March 15, 2016, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

Plaintiff argues that the ALJ improperly rejected her testimony as not credible. The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted). It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

///

///

///

Regarding reliance on a claimant's daily activities to find testimony of disabling pain not credible, the Social Security Act does not require that disability claimants be utterly incapacitated. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989). The Ninth Circuit has repeatedly held that the ". . . mere fact that a plaintiff has carried out certain daily activities . . . does not . . .[necessarily] detract from her credibility as to her overall disability." See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the claimant was entitled to benefits based on constant leg and back pain despite the claimant's ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"). Daily activities must be such that they show that the claimant is ". . .able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair, 885 F.2d at 603. The ALJ must make specific findings in this regard before relying on daily activities to find a claimant's pain testimony not credible. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

As to plaintiff's credibility, the ALJ stated:

> The claimant completed an Adult Function Report (Exhibit 6E). She stated she lived alone in an apartment. Her daily activities included making meals, showering and dressing, shopping, and reading. She had no problems attending to her personal care. She prepared meals, did housework daily, and shopped in stores. She could pay bills, count change and use a bank account. She did crossword puzzles daily. She socialized with others by spending time with her daughter and her family. She could not bowl or go to the movie theater. She could walk 1/4 mile. She could pay attention 75% of the time. She could not lift, squat, bend, stand, reach, walk sit, or kneel for more than 5-10 minutes. She had difficulty concentrating and completing tasks.

///

| | |
|---|---|
| 1 | In November 2012, the claimant completed a second Adult Function Report (Exhibit 10E). She stated she now lived with her boyfriend's mother. She could not blow dry her hair. She continued to prepare meals, do house chores such as cleaning the bathroom, sweeping, and doing laundry. She continued to shop and socialize with others. She attended church once a week. She read and watched television daily. She could lift up to 15 pounds She could sit, stand, or walk for 15 minutes at a time. She had no problems paying attention. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | The claimant testified she lived with her boyfriend in an apartment. Her boyfriend was a doctor. She testified she did not need help with showering or dressing. She did light cleaning, such as dusting with a swiffer. She did not drive, but got rides from her boyfriend or friends. She cooked, but did not lift heavy things. She shopped, attended church, and went to dinner at other people's homes. She used ice and heating pads for her back. She no longer took narcotics. Her blood pressure seemed to be okay. She used to smoke, but quit. She could lift up to 10 pounds, sit for 10 minutes, and stand for up to 15 minutes. She could walk for one block. She lived on a second floor apartment. She alleges depression and stated she did not like to socialize with people. She lied down for 2-3 hours a day. |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | The claimant was not fully credible. Her testimony that she did not like to socialize with people was inconsistent with living with her boyfriend, attending dinners with her boyfriend's relatives, and spending time with her friends (Exhibit 9E). Her testimony that she could only sit for 10 minutes was not consistent with her presentation at [the] hearing, where she sat in apparent comfort throughout the 40+ minute long hearing. Her testimony that she could only walk for one block was not consistent with her statement in her function report that she could walk for 1/4 mile (Exhibit 6E). |
| 13 | |
| 14 | |
| 15 | |
| 16 | |

While plaintiff argues that a number of the reasons cited by the ALJ were not indicative of a lack of credibility, plaintiff does not address one inconsistency in particular noted by the ALJ regarding her ability to walk. As the ALJ observed, at one point plaintiff stated that she could walk a quarter mile. At the hearing, however, plaintiff testified that she could only walk for one block. This inconsistency – which plaintiff does not address in her brief – supports the ALJ's credibility finding.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 16) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 17) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: June 22, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE